## B. F. STURTEVANT CO. v. MASSACHUSETTS HAIR & FELT CO.
### No. 4327.

District Court, D. Massachusetts.

Jan. 25, 1940.

Harry Dexter Peck, of Providence, R. I., and Melvin R. Jenney, of Boston, Mass., for plaintiff.

Robert J. Keating, of Roberts, Cushman & Woodberry, of Boston, Mass., and Ralph L. Chappell, of Earl & Chappell, of Kalamazoo, Mich., for defendant.

SWEENEY, District Judge.

This is an action involving the alleged infringement of letters patent of the United States, No. 1,846,863, issued to Harold F. Hagen, which will hereinafter be referred to as the first Hagen patent, and No. 1,989,413, issued to Harold F. Hagen, which will hereinafter be referred to as the second Hagen patent. The plaintiff is the assignee and present owner of both patents.

The action was referred to a master, and, his report having been made, and certain objections thereto taken, both by the plaintiff and the defendant, it is now before the court on these objections.

The plaintiff's objections relate to the master's findings: (1) That claim 1 of the first Hagen patent was anticipated by Eickhoff; (2) that claim 1 of the first Hagen patent is invalid for absence of patentable invention; (3) that all four claims of the second Hagen patent are invalid for want of patentable invention.

The defendant's objections relate to the master's finding: That claim 2 of the first Hagen patent is invalid and infringed.

■ The findings of fact contained in the master's report are adopted, and may be considered as this court's findings of fact (Rules 52 and 53 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c).

The issues before me are:

(1) Is claim 1 of the first Hagen patent anticipated by Eickhoff?

(2) Is claim 1 of the first Hagen patent invalid for want of patentable invention?

(3) Is claim 2 of the first Hagen patent valid and infringed?

(4) Are the four claims of the second Hagen patent invalid for want of patentable invention?

Recourse must be made to the master's findings to determine some of these issues.

### I. Is Claim 1 of the First Hagen Patent Anticipated by Eickhoff?

In 1909 Eickhoff secured a patent covering a "rotary pump or blower", and stated

in his application that his invention related to regulating the "quantity of the medium which flows through the same". He showed vanes surrounding the pump or fan inlet which were adjustable so as to increase or decrease the spin component of the air or fluid from maximum to minimum as a means for controlling the output, and described the use of such vane control. Nothing in his disclosure shows a variable speed motor, and it is fair to assume that he had a constant speed motor in mind.

Without attempting to discuss Euler's equation, vector diagrams, velocities, relative and absolute, or other technical matters with which the master's report is replete, it seems clear that Eickhoff could not have used his structure to vary output, by opening and closing the vanes, without practising the method shown in claim 1 of the first Hagen patent. I therefore overrule the plaintiff's objections which are addressed to this point.

## II. Is Claim 1 of the First Hagen Patent Invalid for Want of Patentable Invention?

■ That claim reads as follows: "1. A method of operating a centrifugal fan which consists in rotating the fan wheel at constant speed and controlling the output of the fan in accordance with the variations in demand thereon by supplying fluid to the fan with a spin component of velocity in the direction of rotation of the wheel, adjusting the spin through a range to produce variations in output from substantially the full capacity of the fan to a minimum capacity thereof with a substantially tangential admission of fluid, said variation from maximum output to lower outputs being effected by increasing the spin component while reducing the area through which the fluid passes at a rate not proportionately greater than the rate of increase of the spin component."

The master correctly found that the principles of spin component and its effect on the output of a rotor were well known and understood back as far as Euler in the 18th century. Beaudrey (1925) discloses that he knew how to control the output of a constant speed rotor by supplying a spin component and adjusting such spin.

If, therefore, there is patentable invention in claim 1 of the first Hagen patent, it must come from adjusting the spin from the full to the minimum capacity of a fan or pump. Hagen did this, but only by

utilizing an old and well-known method. That he used a known method to secure better and greater results cannot be doubted, but these results came not from invention, but from use of an old method to a greater degree than had previously been utilized. See Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523; De Forest Radio Co. v. General Electric Co., 283 U.S. 664, 51 S.Ct. 563, 75 L.Ed. 1339. I therefore overrule the plaintiff's objections which are addressed to this point.

## III. Is Claim 2 of the First Hagen Patent (a) Valid, (b) Infringed?

■ (a) *Validity.* The master has properly disposed of any doubts as to the validity of this claim. I therefore overrule the defendant's objections which are addressed to the validity of this claim.

(b) *Infringement.* In defense of the charge of infringement, the defendant states that the adjacent vane surfaces of its structure do not continuously approach parallelism, and have not extended overlapping portions shaped to define passages of substantially uniform cross section as the vanes are moved towards the closed position. It further states that the angle of convergence of its vanes in the wide open position is about 15 degrees; that in the one-half open position the vanes converge at an angle of about 26 degrees; that when closed the angle between the adjacent vane surfaces is about 16 degrees, thus negativing the idea of parallelism. The master has found that there was no evidence before him to sustain such a contention, but, nevertheless, addressing himself to that argument, says it is his opinion that the defendant's vane surfaces do approach parallelism in any position. He further points to the unsoundness of the method of measurement relied on by the defendant, and this appears, assuming that the measurements are accurate, to be the source of its error.

I am satisfied that the master's findings and description of the defendant's structure are accurate, and that the adjacent vane surfaces do approach parallelism within the fair meaning of that description.

The overlapping of the defendant's structure, while less than in the Hagen patent, and in spite of the fact that it nearly disappears when the vanes are closed, is present in some degree and defines passages of substantially uniform cross section as

they close with about the same results achieved by Hagen. The plaintiff has sustained the burden of proving infringement. I therefore overrule the defendant's objections addressed to the finding of infringement of claim 2.

IV. Are the Four Claims of the Second Hagen Patent Invalid for Want of Patentable Invention?

The four claims of the second patent are addressed to (1) the manner of mounting vanes for control in the eye of a forced draft fan, (2) the provision for a hub, (3) and (4) the means for simultaneously and uniformly adjusting the vanes about their axes.

The master has found that the structure and method of mounting of the vanes does not constitute invention. With this, I agree. Further, a patent issued to Moody, No. 1,460,428 on July 3, 1923, discloses this type of structure and method of mounting.

The addition of the hub in claim 2 to the structure of claim 1 is merely mechanical routine, and the means of simultaneously and uniformly adjusting the vanes described in claims 3 and 4 add nothing to the previous claims which could be called invention. The various steps shown in the Hagen second patent are the result of mechanical skill plus the use of old disclosures and cannot be termed patentable invention. I therefore overrule the plaintiff's objections addressed to this point in the case, and conclude that the Hagen second patent is invalid for want of invention.

All of the objections having been overruled, the master's report may be confirmed and a decree entered in conformity therewith.